UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE LEE SIMMS,

    Petitioner,

v.                                                          Case No. 19-10289

CATHERINE BAUMAN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Willie Lee Simms, ("Petitioner"), incarcerated at the Oaks Correctional Facility in Manistee, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for second-degree murder. Mich. Comp. Laws § 750.317. For the reasons that follow, the petition is DENIED WITH PREJUDICE.

## I. BACKGROUND

Petitioner was originally charged with open murder,[1] attempted first-degree home invasion, assault with a dangerous weapon, and possession of a firearm in the commission of a felony. Petitioner was found guilty of the lesser included offense of second-degree murder following a jury trial in the Wayne County Circuit Court.

---

[1] Under Michigan law, it is proper to charge a defendant with the crime of open murder. Such a charge gives a circuit court jurisdiction to try a defendant on first and second-degree murder charges. See *Taylor v. Withrow*, 288 F.3d 846, 849 (6th Cir. 2002); *See also Williams v. Jones*, 231 F.Supp.2d 586, 589 (E.D. Mich. 2002) (citing Mich. Comp. Laws § 750.316, 750.318; *People v. McKinney*, 237 N.W.2d 215, 218 (Mich. Ct. App. 1975)).

1

This Court recites verbatim the Michigan Court of Appeals' factual summary of the case, since it is presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's conviction arises from his participation in the fatal shooting of Ernest Tye in Tye's Detroit home on December 10, 2015. The principal issue at trial was defendant's identity as a participant in the crime. The prosecution presented evidence that defendant and two associates, Lawrence Stafford and Travone Wilson, went to the duplex where Tye lived and that defendant acted as a lookout while Stafford and Wilson entered Tye's upstairs unit where Stafford shot Tye. Henric Hayes, who lived in the downstairs unit, testified that Stafford had asked him earlier that day about Tye's whereabouts. Later that day, Hayes and Tye socialized together in Hayes's unit before Tye went upstairs. Hayes subsequently heard noises originating from the stairwell that caused him to open his door. Hayes saw defendant, who was armed with a nine-millimeter handgun, standing in the foyer and looking up the stairs. Defendant turned his gun toward Hayes, who slammed his door. Soon thereafter, Hayes heard gunshots. Charles Deen, who was at the house next door to the duplex, testified to observing defendant standing outside the duplex and later seeing three men running from the duplex. Mark Eddins testified that, around the same time, he observed defendant and two other men running from the area of the duplex toward a vacant house that the three men regularly frequented. The defense theory at trial was misidentification. Defendant testified that he was at a different location at the time of the shooting, and the defense asserted that defendant's alibi defense was supported by a time-stamped Facebook post and evidence that defendant was excluded as a contributor to any DNA found at the crime scene.

*People v. Simms*, No. 333198, 2017 WL 4938372, at *1 (Mich. Ct. App. Oct. 31, 2017).

Petitioner's conviction was affirmed. *Id.*, *appeal denied*, 501 Mich. 1061, 910 N.W.2d 286 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. [Simms'] Fifth and Fourteenth Amendment rights to due process were violated when he was convicted of second-degree murder because there was insufficient evidence to support the requisite elements of the second-degree murder conviction; [and]

II. [Simms] was denied his Fifth and Fourteenth Amendment rights to effective assistance of counsel at sentencing when trial counsel failed to object to the trial court's erroneous assessment of fifty points for offense

2

variable [("OV")] 3, physical injury to victim, where the proper assessment of points for a homicide offense for offense variable 3 is twenty-five points.

(ECF No. 1, PageID.12, 24.)

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III. DISCUSSION

### A. SUFFICIENCY OF EVIDENCE CLAIM

Petitioner claims that there was insufficient evidence to establish his identity as one of the participants in the murder. Petitioner also claims that there was insufficient evidence presented to prove the elements of aiding and abetting beyond a reasonable doubt.

Respondent argues that Petitioner's second sufficiency of evidence claim regarding the elements for aiding and abetting is unexhausted because he raised it only for the first time in his application for leave to appeal before the Michigan Supreme Court.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F.Supp. 2d 992, 998 (E.D. Mich. 1999).

Petitioner on his appeal of right before the Michigan Court of Appeals raised a sufficiency of evidence claim involving the prosecutor's alleged failure to prove his identity but did not challenge the sufficiency of evidence regarding the elements of

4

aiding and abetting. (ECF No. 9-11, PageID. 780-88; *see also* ECF No. 9-11, PageID.806-9.) Petitioner only challenged the sufficiency of the evidence regarding the elements of aiding and abetting for the first time in his application for leave to appeal before the Michigan Supreme Court. (ECF No. 9-12, PageID.865-70.)

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to present his claim that there was insufficient evidence to establish the elements of aiding and abetting on his direct appeal with the Michigan Court of Appeals. Thus, his subsequent presentation of this claim to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F.App'x. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F.App'x. 543, 549 (6th Cir. 2006).

The mere fact that Petitioner challenged the sufficiency of evidence to establish his identity as a participant in his appeal of right before the Michigan Court of Appeals would be insufficient to exhaust his second sufficiency of evidence claim before that court. A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). "[I]nsufficiency of the evidence is too broad and malleable an objection" to hold that challenging the

5

sufficiency of the evidence on one theory in the state courts is enough to preserve for federal habeas review a challenge to the sufficiency of evidence on a factually and legally distinct theory, never fairly presented to the state courts. *See Johnson v. Alabama,* 256 F.3d 1156, 1170 (11th Cir. 2001). Petitioner's claim that there was insufficient evidence to establish the elements of aiding and abetting was not fairly presented to the Michigan Court of Appeals on Petitioner's appeal of right because it was different than the sufficiency of evidence claim that he exhausted before that court. *See e.g. Moore v. Steward*, 948 F. Supp. 2d 826, 838 (W.D. Tenn. 2013). Petitioner's sufficiency of evidence claim involving the elements for aiding and abetting has not been exhausted with the state courts.

A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated by a federal court on habeas review if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (finding that habeas petitions may be denied on the merits despite the failure to exhaust state court remedies). A federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991). Petitioner's second sufficiency of evidence claim is meritless; the court will address the merits of the claim rather than dismiss the petition without prejudice on exhaustion grounds. *Welch v. Burke*, 49 F.Supp. 2d at 998.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 318-19 (internal citation omitted).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

7

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Petitioner's primary claim is that there was insufficient evidence presented to establish his identity as one of the perpetrators who aided and abetted in the murder. The Michigan Court of Appeals rejected the claim:

> Viewed in a light most favorable to the prosecution, the evidence supported defendant's identity as a participant in the crime. Two eyewitnesses placed defendant at Tye's duplex at the time of the shooting, and a third witness testified to seeing defendant and two associates running from the direction of the crime scene. Hayes testified that after hearing concerning sounds originating from the stairwell, he opened his door and "clearly saw" defendant holding a black nine-millimeter automatic handgun. Defendant, who was six feet from Hayes, was standing between the security and main doors of the building, and his face was illuminated by the "bright" porch light. Hayes testified that he "saw the face, I know the face." Hayes viewed a live lineup and "immediately" selected defendant, having "[n]o doubt at all, that was him." Hayes, Deen, and Eddins each identified defendant at trial. Deen, who had known defendant for a year before the shooting, testified that he had a "good view of" the duplex, and he identified defendant as one of three people he saw outside. Deen then saw defendant act as a lookout while defendant's two associates went upstairs, and later all three men ran from the duplex together. Eddins, who was familiar with defendant from the neighborhood, identified defendant as one of the three men running from the direction of the crime scene. Although it was dark, Eddins gave reasons for why "when he saw the guys, like, [he] could swear it was them." These witnesses' testimony, if believed, was sufficient to establish defendant's identity.
>
> Defendant argues that the evidence was insufficient to establish his identity because there were discrepancies in the witnesses' testimony, inconsistencies in their trial testimony and with their prior statements, and

8

> because there was no DNA or fingerprint evidence linking him to the crime scene; he also contends that the defense presented a credible alibi that was supported by the evidence. In making these arguments, however, defendant appears to ignore the principles that when evaluating the sufficiency of evidence, this Court is required to resolve all conflicts in the evidence in favor of the prosecution, and that the deferential standard of review is the same whether the evidence is direct or circumstantial. Defendant's challenges are related to the weight of the evidence rather than its sufficiency. Indeed, these same challenges were presented to the jury during trial. This Court "will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." Accordingly, the evidence supports defendant's conviction.

*People v. Simms*, 2017 WL 4938372, at *2 (internal citations omitted).

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer,* 82 F.App'x. 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 181 N.W.2d 655, 656 (Mich. Ct. App. 1970)).

In the present case, three eyewitnesses positively identified Petitioner at trial as being one of the accomplices to the shooter. The court notes that "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis,* 752 F.2d 1142, 1144 (6th Cir. 1985) (internal citations omitted). Three eyewitnesses unequivocally identified Petitioner at trial as being one of the accomplices to the crime based on their personal observations. This evidence was sufficient to support Petitioner's conviction. *See Thomas v. Perry,* 553 F.App'x. 485, 487–88 (6th Cir. 2014). Although Petitioner attacks the quality of the eyewitness identifications, he is basically asking this Court to re-weigh the testimony and credibility of the evidence, which this Court cannot do. *See United States v. Campbell*, 18 F.App'x. 355, 358 (6th Cir. 2001) (*quoting United States v. Tipton*, 11 F.3d 602, 609 (6th Cir. 1993)).

Petitioner argues that there was insufficient evidence to convict him because the police did not recover DNA evidence, fingerprints, or other forensic evidence to convict. The Sixth Circuit notes that the "lack of physical evidence does not render the evidence presented insufficient; instead it goes to weight of the evidence, not its sufficiency." *Gipson v. Sheldon*, 659 F.App'x. 871, 882 (6th Cir. 2016).

Petitioner finally points to the discrepancies in the witnesses' testimony, inconsistencies between their trial testimony and prior statements, as well as the fact Petitioner presented an alibi defense.

A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos*, 565 U.S. at 7 (*quoting Jackson v. Virginia*, 443 U.S. at 326). Although there may have been discrepancies and inconsistencies in the witnesses' testimony, as well as the fact that Petitioner presented an alibi defense, this Court must presume that the trier of fact resolved these conflicts in favor of the prosecution and defer to that resolution. Petitioner is not entitled to relief on his first insufficiency of evidence claim.

Petitioner next contends that there was insufficient evidence to establish that he aided and abetted in the murder.

Petitioner was convicted of second-degree murder. Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. *See Stewart v. Wolfenbarger,* 595 F.3d 647, 654 (6th Cir. 2010) (*citing People v. Goecke*, 457 Mich.

10

442 463-64, 579 N.W.2d 868 (1998)). "[M]alice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id.* (*citing People v. Aaron*, 409 Mich. 672, 728, 299 N.W.2d 304 (1980)).

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Riley v. Berghuis,* 481 F.3d 315, 322 (6th Cir. 2007) (*citing People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999)).

In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *See Fuller v. Anderson,* 662 F.2d 420, 424 (6th Cir. 1981). Aiding and abetting describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Rockwell*, 470 N.W.2d 673, 676 (Mich. Ct. App. 1991). The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton*, 492 N.W.2d 810, 816 (Mich. Ct. App. 1992). Finally, the Michigan Supreme Court has held that there is no language in Michigan's aiding and abetting statute that shows an intent by the Michigan Legislature "to abrogate the common-law theory that a

11

defendant can be held criminally liable as an accomplice if: (1) the defendant intends or is aware that the principal is going to commit a specific criminal act; or (2) the criminal act committed by the principal is an 'incidental consequence[ ] which might reasonably be expected to result from the intended wrong.'" *People v. Robinson,* 475 Mich. 1, 9; 715 N.W. 2d 44 (2006) (quoting Perkins, Criminal Law (3d ed.), pp. 741-43, 745).

To be convicted of aiding and abetting, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *See Long v. Stovall,* 450 F.Supp. 2d 746, 753 (E.D. Mich. 2006); *People v. Wilson*, 493 N.W.2d 471, 476 (Mich. Ct. App. 1992). The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *People v. McCray*, 533 N.W.2d 359, 361 (Mich. Ct. App. 1995). An aider and abettor's state of mind may be inferred from all of the facts and circumstances, including close association between the defendant and the principal, the defendant's participation in the planning and execution of the crime, and evidence of flight after the crime. *Thomas v. Stephenson*, 898 F.3d 693, 699 (6th Cir. 2018) (*quoting Carines,* 460 Mich. at 758).

Mere presence, even with knowledge that a crime is being committed, is insufficient to establish that a defendant aided and abetted in the commission of the offense. *People v. Norris*, 600 N.W.2d 658, 663 (Mich. Ct. App. 1999); *Fuller v. Anderson*, 662 F.2d at 424. "[H]owever, a claim of mere presence is not a 'catch-all excuse' to defeat an inference of guilt beyond a reasonable doubt. In evaluating a 'mere presence' defense, a factfinder must distinguish, based upon the totality of the

circumstances, between one who is merely present at the scene and one who is present with criminal culpability." *See Long v. Stovall*, 450 F.Supp. at 754 (internal citation omitted). An aider and abettor who is intentionally present during the commission of a crime may be silent during the crime's commission, "but by his demeanor, or through behavior and acts not directly related to the crime, provide 'moral support' that is recognizable to, and relied upon by, the principal. Such acts may be silent and may not be overt but may still amount to more than 'mere' presence." *Sanford v. Yukins,* 288 F.3d 855, 862 (6th Cir. 2002). Michigan's "broad definition" of aiding and abetting "easily encompasses situations where the alleged aider and abettor, although silent and not committing acts directly related to the crime, was not 'merely' present, but providing emotional encouragement and support." *Id.*

The evidence in the present case was sufficient for a rational trier of fact to conclude that Petitioner aided and abetted in the murder. The evidence clearly established that Petitioner acted as a lookout for his two co-defendants as they went to the upstairs unit of the duplex, where Mr. Stafford shot the victim. Mr. Hayes testified that he opened his door after hearing noises and saw Petitioner armed with a handgun in the foyer looking up the stairs towards the victim's apartment. Petitioner turned and pointed his gun at Hayes, who turned and went inside his apartment. Under Michigan law, acting as a lookout is considered sufficient assistance to support a conviction on an aiding and abetting theory. *People v. Fuller*, 395 Mich. 451, 453-54; 236 N.W. 2d 58 (1975); *People v. Lyons*, 247 N.W.2d 314, 315 (Mich. Ct. App. 1976). Petitioner's role as a lookout while his co-defendants went upstairs to confront and shoot the victim would be sufficient evidence under Michigan law to support Petitioner's conviction for

murder under an aiding and abetting theory. *See, e.g., Terry v. Bock,* 208 F.Supp. 2d 780, 795 (E.D. Mich. 2002). Petitioner's act of fleeing the scene with his co-defendants following the shooting is further evidence to establish that he acted in concert with these two men to murder the victim, supporting Petitioner's conviction for second-degree murder under an aiding and abetting theory.

Finally, Petitioner's intent for second-degree murder could be inferred from the fact that he participated in this crime while both he and his co-defendants were armed with firearms. *See Hill v. Hofbauer,* 337 F.3d 706, 719-20 (6th Cir. 2003) (Intent to convict as an aider or abettor for second-degree murder "can be inferred from the aider and abettor's knowledge that his cohort possesses a weapon."). Petitioner is not entitled to relief on his first claim.

## B.  INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Petitioner next contends that trial counsel was ineffective for failing to object at sentencing to the scoring of Offense Variable 3 of the Michigan Sentencing Guidelines at 50 points, rather than 25 points.

The Michigan Court of Appeals agreed that Offense Variable 3 of the sentencing guidelines should have been scored at only 25 points and not 50 points. *People v. Simms*, 2017 WL 4938372, at *3. The Michigan Court of Appeals ruled, however, that Petitioner was not prejudiced by counsel's failure to object to the scoring of Offense Variable 3 at 50 points because the sentencing guidelines range would have remained the same even if the guidelines had been correctly scored. *Id.*

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the

14

defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.,* (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

In light of the fact that Petitioner's sentencing guidelines range would not have changed even if the offense variables had been properly scored, Petitioner was not prejudiced by counsel's failure to object to the allegedly incorrect scoring of the offense variable under the sentencing guidelines. *See U.S. v. Pomales*, 268 F.App'x. 419, 423-24 (6th Cir. 2008). Petitioner is not entitled to relief on his second claim.

## C.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas

claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. at 327. In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

Petitioner presented two claims in his § 2254 habeas petition. The first alleged that the evidence used to convict Petitioner was insufficient. The second asserted that Petitioner's counsel was ineffective. The court rejects these claims and will deny Petitioner's request for relief. The court will also decline to issue a certificate of appealability. Accordingly,

IT IS ORDERED that Petitioner Willie Lee Simms' petition for writ of habeas corpus (ECF No. 1) is DENIED.

Further, this court DECLINES to issue a certificate of appealability.

                                            s/Robert H. Cleland                /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: September 17, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 17, 2019, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                              /</u>  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-cv-10289.SIMMS.OrderDenyingHabeasdocx.docx